# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DIXON, | No. 4:19-CV-01267 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SUMMIT BHC WESTFIELD LLC d/b/a MOUNTAIN LAUREL RECOVERY CENTER, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 2, 2020

Plaintiff David Dixon brings a complaint against his former employer, Defendant Summit BHC Westfield LLC d/b/a Mountain Laurel Recovery Center, for gender discrimination and retaliation under Title VII and the Pennsylvania Human Relations Act (PHRA) and wage-and-hour claims under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. Summit now moves to dismiss the complaint.

## I. BACKGROUND[1]

Dixon was hired by Summit to work at an office located in Westfield, Pennsylvania as an Executive Chef and Dietary Director.[2] Dixon is male.[3] While

---

[1] The facts in this section are drawn from Dixon's complaint. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

employed by Summit, Dixon believes that his position was misclassified, resulting in him not receiving various perks that he ought to have been entitled to, such as a company cell phone, permission to attend leadership meetings, and a superior parking spot.[4] He further alleges that he did not receive overtime payments that he was entitled to.[5]

On October 17, 2018, Dixon filed a charge of discrimination with the EEOC and the Pennsylvania Human Relations Commission (PHRC) complaining that he was discriminated against on the basis of his gender.[6] A letter was sent to Summit that day informing them of Dixon's action, and on October 31, 2018, Dixon was fired.[7]

After receiving a right-to-sue letter from the EEOC and the PHRC, Dixon filed his complaint in this Court on July 22, 2019. Summit's registered agent was personally served on December 12, 2019.[8] On January 27, 2020, Summit moved to dismiss the complaint.[9] That motion is now ripe for disposition.

---

[2] Compl. ¶¶ 1, 7.

[3] *Id.* at ¶ 1.

[4] *Id.* at ¶¶ 11–18.

[5] *Id.* at ¶ 10.

[6] *Id.* at ¶ 23.

[7] *Id.* at ¶¶ 24–25.

[8] Aff. of Service (ECF No. 4).

[9] Def. Summit BHC Westfield LLC d/b/a/ Mountain Laurel Recovery Center's Mot. to Dismiss under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 12(b)(6) (ECF No. 5).

## II. LEGAL STANDARD

A plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] A claimant must state a plausible claim for relief.[11] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[13] A court ruling on a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[14]

## III. DISCUSSION

Summit moves to dismiss on two grounds. First, Summit moves to dismiss the complaint in its entirety for Dixon's failure to serve process within the ninety-day window prescribed by Federal Rule of Civil Procedure 4(m). Second, Summit

---

[10] Fed. R. Civ. P. 8.

[11] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[12] *Thompson*, 748 F.3d at 147.

[13] *Id.*

[14] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

moves to dismiss Dixon's gender-discrimination claims in Count I and Count III of the complaint for failure to state a claim pursuant to Rule 12(b)(6).

### A. Rule 4(m)

A plaintiff's time to serve process on the defendant is set forth at Rule 4(m). It provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Dixon failed to serve the complaint on Summit within ninety days. Instead, he served Summit almost two months after the expiration of the Rule 4(m) period.[15]

The United States Court of Appeals for the Third Circuit has provided a two-part inquiry for district courts to determine whether the grant of an extension of time is proper under Rule 4(m).[16] First, the district court must determine whether good cause exists for the plaintiff's failure to have effected service in a timely manner.[17] Then, if good cause has not been shown, the district court may evaluate whether to exercise its discretion to grant an extension regardless of the absence of

---

[15] *See* Aff. of Service (ECF No. 4).

[16] *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

[17] *See id.*

good cause.[18] If the district court declines to grant an extension of time after completing this inquiry, it may at that time dismiss the action.[19]

The Third Circuit has equated good cause with the concept of excusable neglect under Federal Rule of Civil Procedure 6(b).[20] This "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."[21] The inquiry focuses on the plaintiff's reasons for failing to comply with the time limit—reliance on a third party or a process server, "half-hearted efforts by counsel to effect service of process prior to the deadline," and inadvertence of counsel do not constitute good cause.[22]

Dixon has not demonstrated good cause here. There is no indication that Dixon attempted to solicit a service waiver from Summit. Absent a waiver, Dixon did not serve Summit for almost two months after the ninety-day deadline set forth in Rule 4(m). He claims to have had difficulty finding a process server, but, as noted above, reliance on a process server does not constitute good cause for failing to effect timely service.

---

[18] *See id.*

[19] *See Sanders-Darigo v. CareersUSA*, 847 F. Supp. 2d 778, 783 (E.D. Pa. 2012).

[20] *See id.* at 784.

[21] *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

[22] *See Sanders-Darigo*, 847 F. Supp. 2d at 784.

Nor does it appear that Dixon was particularly diligent in this case; while Dixon's counsel's declaration indicates that he attempted to contact process servers on the first and last business days of the service window, there is no indication that he made any such efforts during the intervening three months.[23] Furthermore, the declaration does not provide any explanation for why Dixon failed to request an extension from this Court or why it took nearly two months past the deadline to locate Summit's registered service agent in Dauphin County, Pennsylvania.

In the absence of good cause, I may still find that other factors warrant the grant of an extension of time to serve. The factors for this Court to consider when deciding whether to grant a discretionary extension of time include: (1) actual notice of the action, (2) prejudice to the defendant, (3) the statute of limitations, (4) the conduct of the defendant, (5) whether the plaintiff is represented by counsel, and (6) any other relevant factor.[24]

Summit does not appear to have suffered any significant prejudice from the service of process delay. This is particularly so because Summit was aware of the EEOC charge that proceeded the filing of this action. Dixon is represented by counsel. While I find that he was dilatory, I do not find that it was the result of any bad faith. I also note that the statute of limitations would bar Dixon from

---

[23] *See* Pl.'s Br. in Resp. and Opp'n to Def.'s Mot. to Dismiss Ex. C (ECF No. 7-2).

[24] *See Metro. Life Ins. Co. v. Kalenvitch*, No. 10-2108, 2011 WL 2941297, at *2 n.1 (M.D. Pa. July 20, 2011).

recovering on his federal gender-discrimination claims if I were to dismiss this action.

Weighing these factors, I find that a discretionary extension is appropriate here.[25] I therefore deny Summit's motion to dismiss the complaint under Rule 4(m).

**B.    Rule 12(b)(6)**

Summit further moves to dismiss Dixon's gender-discrimination claims in Counts I and III for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To state a claim for gender discrimination under Title VII and the PHRA,[26] Dixon must establish a *prima facie* case under the *McDonnell Douglas* burden-shifting framework. The *prima facie* case has four elements: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.[27] Summit argues that Dixon failed to plead that he was qualified for the position and that the facts pleaded do not support an inference of intentional discrimination.

Dixon indeed has not pleaded that he was qualified for the position. While this element does not need to be pleaded explicitly, Dixon has not supplied facts

---

[25] *See Sanders-Darigo*, 847 F. Supp. 2d at 784–85.

[26] *See Rorke v. Toyota*, Civ. No. 16-219, 2019 WL 3002973, at *11 (M.D. Pa. July 10, 2019) ("It is well-settled that [gender-discrimination] 'claims under the PHRA are interpreted coextensively with Title VII claims.'" (quoting *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 (3d Cir. 2006))).

[27] *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

from which his qualifications may be inferred, either.[28] I therefore find that he has failed to establish the second prong of his *prima facie* case.

Dixon also failed to plead facts supporting an inference of intentional discrimination. The complaint alleges that he was denied a suite of amenities—but all of these, from being denied a parking space in the senior employee parking lot to not being permitted to attend leadership meetings, are directly attributable to the misclassification of his position alleged in Paragraphs 10 and 17 of the complaint rather than intentional discrimination.[29] Dixon does not allege any facts to support an inference that the misclassification had any causal nexus to his gender. This Court is not required to credit bald legal conclusions.[30]

Because Dixon has failed to plead facts sufficient to satisfy his *McDonnell Douglas prima facie* burden, I grant Summit's motion to dismiss Dixon's gender-discrimination claims.

---

[28] *See Odrick v. Scully Co.*, Civil Action No. 17-02566, 2018 WL 6044929, at *4 (E.D. Pa. Nov. 19, 2018).

[29] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (requiring a plaintiff to plead facts plausibly suggesting that he is entitled to relief).

[30] Dixon alleges that similarly situated female employees were treated better than him. Compl. ¶¶ 8, 21. However, no *facts* about these employees or their working conditions are pleaded. Conclusory allegations without underlying factual support are not sufficient to satisfy the *prima facie* causation burden. *See Hobson v. St. Luke's Hosp. & Health Network*, 735 F. Supp. 2d 206, 214 & n.25 (E.D. Pa. 2010).

## IV. CONCLUSION

For the reasons set forth above, Defendant Summit BHC Westfield's Motion to Dismiss (ECF No. 5) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge