# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DIXON, | No. 4:19-CV-01267 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SUMMIT BHC WESTFIELD LLC d/b/a MOUNTAIN LAUREL RECOVERY CENTER, | |
| Defendant. | |

## MEMORANDUM OPINION

### JULY 29, 2020

Plaintiff David Dixon brings a complaint against his former employer, Defendant Summit BHC Westfield LLC d/b/a Mountain Laurel Recovery Center, for gender discrimination and retaliation under Title VII and the Pennsylvania Human Relations Act (PHRA) and wage-and-hour claims under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act. Summit now moves to dismiss Counts I and III of Dixon's amended complaint.

## I.     BACKGROUND

As this is a second, successive motion to dismiss, I presume that the reader is familiar with the facts alleged in this case, as set forth in my prior Memorandum Opinion of April 2, 2020.[1] In that previous Memorandum Opinion and

---

[1] *See* Mem. Op. 1–2, Doc. 9.

accompanying Order, I granted Summit's motion to dismiss Counts I and III of the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to plead facts sufficient to support Dixon's claims that he was qualified for his position and that the harms he alleged were the result of intentional discrimination.[2] However, I granted leave to amend the complaint.[3]

On April 7, 2020, Dixon filed an amended complaint.[4] The amended complaint alleges the same claims as the original complaint, with the following additions:

- "Plaintiff previously worked in 2015 and 2016 for defendant as an Executive Chef, and Plaintiff has over twenty (20) years of experience working in a kitchen and at least a year and a half of experience as an Executive Chef prior to Defendant, having worked at Seneca Harbor Station, in Watkins Glen, New York."[5]
- "A few weeks after Plaintiff was hired by Defendant for his second round of employment, Defendant promoted Plaintiff to the position of Executive Chef and Dietary Director."[6]
- "Plaintiff's job responsibilities as Executive Chef and Dietary Director were, for the most part, the same as his job responsibilities as Executive Chef, however, he had additional duties and responsibilities now as a senior employee."[7]
- "Plaintiff alleges and believes that his senior employee status entitled him to these amenities, however, he was denied them due to his gender."[8]
- "Defendant replaced Plaintiff with a female subordinate, Ms. Gaylor."[9]

---

[2] *See id.* at 8.
[3] *See* Order, Doc. 10.
[4] First Am. Compl., Doc. 11.
[5] *Id.* at ¶ 8.
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 10.
[8] *Id.* at ¶ 24.
[9] *Id.* at ¶ 33.

- 2 -

On May 1, 2020, Summit moved to dismiss the amended complaint pursuant to Rule 12(b)(6).[10] That motion is now ripe for decision.

## II.     LEGAL STANDARD

A plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] A claimant must state a plausible claim for relief.[12] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[14] A court ruling on a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[15]

---

[10] Def. Summit BHC Westfield, LLC d/b/a Mountain Laurel Recovery Center's Mem. of Law in Supp. of Its Mot. to Dismiss Counts I and III of Pl.'s Am. Compl. pursuant to Fed. R. Civ. P. 12(b)(6), Doc. 15.
[11] Fed. R. Civ. P. 8.
[12] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).
[13] *Thompson*, 748 F.3d at 147.
[14] *Id.*
[15] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

## III.   DISCUSSION

Summit moves to dismiss Counts I and III of the amended complaint for failure to state a claim under Rule 12(b)(6). Before I proceed, I must pause for a point of clarification. Dixon presents multiple claims under both Count I and Count III; under Count I, Dixon claims gender discrimination and a hostile work environment under Title VII, while under Count III he claims gender discrimination and retaliation under the PHRA. Summit requests that Count I and Count III be dismissed in their entirety, though their argument centers only on the claims of gender discrimination. Dixon concedes that he has not stated a claim for hostile work environment,[16] and so I grant Summit's motion to dismiss on that claim. I deny the motion to dismiss the retaliation claim under Count III because Summit presents no argument on that claim.

With that in mind, I now turn to Dixon's gender-discrimination claims. As explained in my prior Memorandum Opinion, Title VII and the PHRA require Dixon to establish a *prima facie* case under the *McDonnell Douglas* burden-shifting framework.[17] The four elements of the *prima facie* case are: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the action occurred under circumstances

---

[16] *See* Pl.'s Br. in Resp. and Opp'n to Def.'s Mot. to Dismiss the Am. Compl. 12–13, Doc. 16 ("BIO").

[17] *See* Mem. Op. at 7.

that could give rise to an inference of intentional discrimination.[18] As before, Summit argues that Dixon's allegations do not satisfy Rule 12(b)(6) with regard to *McDonnell Douglas* prongs 2 and 4.

Dixon has adequately pleaded that he was qualified for the job. The burden to establish a *prima facie* case is not onerous, but the original complaint did not plead any facts to satisfy this prong. In the amended complaint, in contrast, Dixon pleads that he has over twenty years of experience working in a kitchen and had previously worked as an executive chef for over a year prior to his employment with Summit.[19] These allegations are sufficient to satisfy his burden at this stage.

However, Dixon's amended complaint does not cure the lack of factual support for an inference of gender discrimination that was present in the original complaint. The only relevant new allegation is that Dixon was replaced by a female.[20] In cases alleging reverse discrimination, as Dixon is here, simple replacement by a person outside of the protected class does not by itself satisfy this prong of the *McDonnell Douglas* analysis.[21] This new allegation does nothing to strengthen the other allegations, which, as explained in the prior Memorandum

---

[18] *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).
[19] First Am. Compl. at ¶ 8.
[20] *Id.* at ¶ 33.
[21] *See Mosca v. Cole*, 384 F. Supp. 2d 757, 763–65 (D.N.J. 2005) (explaining that *Iadimarco v. Runyon*, 190 F.3d 151 (3d Cir. 1999) does not relieve plaintiffs in reverse discrimination suits of the obligation to plead facts sufficient to support an inference of intentional discrimination); *Paich v. Nike, Inc.*, Civ. A. No. 06-1442, 2008 WL 696915, at *8 (W.D. Pa. Mar. 12, 2008) ("Plaintiff argues that he has met his burden of establishing a prima facie case of reverse discrimination because he was discharged and subsequently replaced by a woman. This is incorrect as a matter of law.").

Opinion, do not suggest the occurrence of any intentional discrimination on the basis of Dixon's gender.[22] Additionally, Dixon concedes that he has not pleaded comparator facts necessary to permit an inference of discrimination.[23]

Dixon's argument under Fed. R. Civ. P. 8 is somewhat befuddling. Without question, that rule permits a plaintiff to plead in the alternative. But "pleading in the alternative" still requires the plaintiff to demonstrate a viable theory of liability. If in the alternative to discrimination Dixon was merely "misclassified and overworked,"[24] as he argues, that is not an alternative theory of liability on a *gender-discrimination* claim. Dixon's wage-and-hour concerns are addressed in counts of his complaint that are not the subject of this motion.

For these reasons, I grant Summit's motion to dismiss Dixon's gender-discrimination claims under Counts I and III of the amended complaint.[25] I further find that additional opportunity to amend would be futile, and I deny leave to do so.[26]

---

[22] *See* Mem. Op. at 8.
[23] *See* BIO at 11.
[24] *Id.* at 12.
[25] As explained above, I also dismiss Dixon's hostile work environment claim under Count I but not his retaliation claim under Count III.
[26] *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2020 WL 758834, at *6 (M.D. Pa. Feb. 14, 2020).

## IV. CONCLUSION

For the reasons set forth above, Summit's Motion to Dismiss Counts I and III of Plaintiff's Amended Complaint (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

                                                        BY THE COURT:

                                                 *s/ Matthew W. Brann*
                                                 Matthew W. Brann
                                                 United States District Judge